UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KAYCE SMITH, individually and on behalf of all others similarly situated,

              Plaintiff,

  v.

JKS HOME IMPROVEMENT, LLC, JEREMY SAGER, and BRITTANY SAGER,

              Defendants.

3:23-cv-01509 (AMN/ML)

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF THE PROPOSED NOTICE OF THE CLASS SETTLEMENT**

      The above-entitled matter came before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of Plaintiff's Proposed Notice of Settlement ("Motion for Preliminary Approval"). After reviewing the Motion for Preliminary Approval, the Memorandum of Law in Support of the Motion for Preliminary Approval ("Memorandum"), the Declaration of Jason S. Giaimo dated August 19, 2024 ("Declaration") and the supporting exhibits, the Court hereby finds as follows:

      A.    On August 19, 2024, Plaintiff filed the Motion for Preliminary Approval with respect to a proposed Settlement Agreement and Release entered into between Plaintiff and Defendants JKS Home Improvement, LLC and Jeremy Sager (together, "Defendants" and, collectively with Plaintiff, the "Parties") effective August 6, 2024 (the "Agreement").

B. In the Motion for Preliminary Approval, Plaintiff seeks class certification for settlement purposes only under Rule 23 of the Federal Rules of Civil Procedure of all FLSA Class Members, who are current and former non-exempt hourly paid employees who worked for Defendants during the period from November 30, 2020 through the date of the issuance of this Order (the "Preliminary Approval Order"), and all NYLL Class Members, who are current and former non-exempt hourly paid employees who worked for Defendant during the period from November 30, 2017 through the date of the issuance of the Preliminary Approval Order.

C. The Court has considered all of the submissions presented with respect to the Agreement, including Plaintiff's commitment to discontinue all claims against Defendant Brittany Sager with prejudice following issuance of this Order.

D. All capitalized terms used in this Preliminary Approval Order with respect to the Agreement that are not otherwise defined shall have the same meaning as used in the Agreement.

E. NOW THEREFORE, after due deliberation and for good cause, the Court hereby **ORDERS** that:

1. For the reasons set forth in the Memorandum, the Court finds, preliminarily and for purposes of settlement only, that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), the predominance and superiority requirements of Rule 23(b)(3), as well as the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), have likely been met, warranting class and collective certification for purposes of effectuating settlement only. The Court hereby certifies the following classes for settlement purposes only:

> **FLSA Class:** All current and former non-exempt hourly paid employees who worked for Defendants during the period from November 30, 2020 through the date of the issuance of this Preliminary Approval Order.

**NYLL Class:** All current and former non-exempt hourly paid employees who worked for Defendant during the period from November 30, 2017 through the date of the issuance of this Preliminary Approval Order.

2. The Court finds that the Agreement is fair, reasonable, and adequate, and should be preliminarily approved. The Settlement will ensure prompt payment to the Class Members and avoid the risks and expense of continued litigation.

3. The Court has reviewed the terms and conditions of the Agreement, including the monetary relief provisions, the plan of allocation, and the release of claims. Based on its review of the Agreement, the Memorandum, and the Court's familiarity with this case, the Court finds that the Agreement appears to be the result of extensive, arm's-length negotiations between the Parties after Plaintiff's Counsel and Defendants' Counsel had fully investigated the claims and became familiar with the strengths and weaknesses of the claims. The assistance of Stan Matusz, Esq., as an independent mediator further supports the Court's finding that the Settlement does not appear to be collusive. Based on all of these factors, the Court finds that the Agreement appears to have no obvious defects and falls within the range of reasonableness such that notice to the Class Members as set forth in the Agreement is appropriate.

4. The Court appoints McLaughlin & Stern, LLP as Class Counsel.

5. The Court appoints Arden Claims Service, LLC as the Settlement Claims Administrator.

6. The proposed Notice, attached as Exhibit 2 to the Declaration, and the Claims Form, attached as Exhibit 3 to the Declaration (which are also attached to the Agreement as Exhibit A), fully and accurately inform the Class Members of all material elements of the action and the proposed Settlement.

7. The Parties propose to disseminate the Notice to the Class Members via First Class United States Mail to the last known address of each Class Member and by utilizing a settlement website created and maintained by the Settlement Claims Administrator in accordance with Section 3.5 of the Agreement. The Court finds that the method of disseminating the Notice, as provided in the Agreement, is the best notice practicable under the circumstances and fully meets the requirements of federal law.

8. Based on the foregoing, the proposed Notice is hereby approved by the Court.

9. Within **twenty (20) days** after the filing of this Order, Defendant shall pay the Maximum Settlement Amount of Two Hundred Thousand Dollars ($200,000.00) into the Qualified Settlement Fund.

10. Within **twenty (21) days** after the filing of this Order, Defendants will provide the Settlement Claims Administrator the following information, in electronic form, for all Class Members: name, last known addresses, email addresses, social security numbers, job titles, dates of employment and number of qualified workweeks during the relevant period (the "Class List").

11. Within **fourteen (14) days** after receipt of the Class List, the Settlement Claims Administrator will mail to all Class Members, via First-Class United States Mail, postage prepaid, the Court-approved Notice and Claim Form, and email the Notice and Claim to all Class Members for whom the Class List includes an email address.

12. Each Class Member will have **sixty (60) days** from the date the Settlement Claims Administrator first mails the Claim Form to return the completed Claim Form. Each Class Member will likewise have **sixty (60) days** to object to or opt out of the Settlement with additional time for any Class Members to whom Notice was re-mailed as set forth in the Agreement.

13. The Court will conduct a Fairness Hearing on Friday, April 10, 2025, at 10:00 a.m. to address: (a) whether the proposed Agreement should be finally approved as fair, reasonable, and adequate; (b) whether to finally certify the NYLL Class and the FLSA Class for settlement purposes only; (c) Class Counsel's application for attorneys' fees and costs; and (d) Plaintiff's application for a service payment. Class Counsel shall file a Motion for Final Approval of the Settlement on or before March 26, 2025, fifteen (15) days before the Fairness Hearing.

**IT IS SO ORDERED.**

Dated: November 20, 2024
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge