UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KAYCE SMITH, individually and on behalf of all others similarly situated,

            Plaintiff,

v.

JKS HOME IMPROVEMENT, LLC, JEREMY SAGER, and BRITTANY SAGER,

            Defendants.

3:23-cv-01509 (AMN/ML)

---

**FINAL JUDGMENT GRANTING: (1) FINAL APPROVAL OF SETTLEMENT; (2) CERTIFICATION OF THE SETTLEMENT CLASS; (3) APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; AND (4) APPROVAL OF PLAINTIFF'S SERVICE AWARD**

    A.    Plaintiff commenced this action on November 30, 2023, on behalf of herself and all other similarly situated non-exempt employees of Defendants JKS Home Improvement, Jeremy Sager (together, "Defendants"), and Brittany Sager, generally alleging that a number of Defendants' compensation policies and practices violated the New York Labor Law and Fair Labor Standards Act. More specifically, the Complaint generally alleges that Defendants denied straight and overtime compensation to Plaintiff and Class Members by: (i) improperly compensating employees based on their scheduled hours as opposed to all time actually worked; and (ii) automatically deducting time for meal breaks when employees perform work during that time. Plaintiff further alleged that Defendants failed to provide employees with appropriate pay rate acknowledgement forms and weekly wage statements. Dkt. No. 1.

    B.    On January 22, 2024, Defendants filed their Answer to the Complaint, generally denying the allegations therein and asserting a number of affirmative defenses. Dkt. No. 10.

C. After filing the Complaint, Plaintiff served Defendants with Plaintiff's First Set of Interrogatories, Plaintiff's First Demand for Documents. On or about March 4, 2024, in response to Plaintiff's Discovery Demands, Plaintiff and Defendants agreed that Defendants would produce time and payroll records for 25% of the proposed class, to be chosen at random, as a representative sampling. On or about March 8, 2024, Defendants produced Plaintiff's time and payroll records, along with her personnel records.

D. On March 20, 2024, the Court ordered the parties to participate in a mandatory mediation. The parties agreed that the mandatory mediation would proceed on behalf of the proposed class, and that Defendants would produce time and payroll records for the representative sampling of employees sufficiently in advance of mediation. The parties then selected Stan Matusz, Esq., to serve as the mediator ("Mediator").

E. In anticipation of the mediation and in accordance with the parties' agreement regarding the scope of discovery, beginning on April 24, 2024, and continuing on a rolling basis thereafter, Defendants produced certain time and payroll documents for the employees included in the representative sampling, including payroll summaries and earnings reports.

F. On May 29, 2024, the parties participated in a full-day mediation session with the Mediator. While the parties made significant progress in this initial mediation session, they were unable to reach a resolution. The parties, however, agreed to continue a settlement dialogue after mediation an effort to achieve a resolution.

G. Thereafter, Class Counsel and counsel for Defendants continued settlement negotiations. Ultimately, on July 1, 2024, the parties reached an agreement as to the material terms of a settlement in the maximum amount of $200,000.

H. On August 19, 2024, Plaintiff filed a comprehensive and detailed Unopposed Motion for Preliminary Approval of the Settlement ("Motion for Preliminary Approval). Dkt. No. 22. Subsequently, on November 20, 2024, the Court issue an Order granting the Motion for Preliminary Approval and directing dissemination of the proposed Notice. Dkt. No. 24. The Court also set a date for the Final Fairness Hearing at which it would consider granting final approval of the Settlement and Class Counsel's application for attorneys' fees and expenses and a service award. *Id.* at ¶ 13.

I. The notice provisions of the Class Action Fairness Act ("CAFA"), require that "[n]ot later than 10 days after a proposed settlement of a class action is filed with the court, each defendant that is participating in the proposed settlement shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement[.]" 28 U.S.C. § 1715(b).

J. As detailed in the Affirmation of Barry J. Peek dated March 26, 2025, on December 27, 2024, the Court-appointed Settlement Administrator served appropriate notices of the Settlement pursuant to CAFA. Dkt. No. 25-6.

K. On December 24, 2024, the Notice and Claim Form was disseminated to the Class. Among other things, the Notice contains relevant information about the nature of the lawsuit, including how the Individual Settlement Amounts will be calculated, how Class Members can opt into the Settlement and submit a Claim Form, Class Counsel's anticipated request for attorneys' fees and expenses, the proposed service award, and how Class Members can exclude themselves from the Settlement or object to the Settlement.

L. On March 26, 2025, Plaintiff filed an unopposed motion for an Order granting final approval of the Settlement, including: (i) certifying the Classes for settlement purposes; (ii)

approving the Settlement and Agreement as final, fair, reasonable, and adequate; and (iii) entering judgment in accordance with the Agreement. Dkt. No. 25 ("Unopposed Motion for Final Approval"). The same day, Plaintiff filed an unopposed motion for an Order: (i) granting Class Counsel's application for attorneys' fees and reimbursement of expenses; and (ii) granting a service award to Plaintiff. Dkt. No. 26 ("Unopposed Motion for Fees").

M. The Court held a final fairness hearing on Plaintiffs' Unopposed Motion for Final Approval and Plaintiffs' Unopposed Motion for Fees on April 10, 2025.

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Agreement, the Parties' briefs, declarations, and oral arguments in support thereof, and the proceedings in this action to date, as follows:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this action, all matters relating thereto, and all Parties.

3. If, for any reason, the Agreement ultimately does not become effective, the Parties shall return to their respective positions in the Litigation as those positions existed immediately before the Parties executed the Agreement, and nothing stated in the Agreement or any other papers filed with this Court in connection with the Settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in the Litigation or in any other action.

4. The Notice disseminated to Class Members pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances, was accomplished in all material respects, and fully meets the requirements of Federal Rule 23. More specifically, the

Notice was written in plain English and was organized and formatted to be as clear as possible. The Notice described the terms of the Settlement, informed the Class Members about the process to opt into the Settlement, informed Class Members about the process to object to the Settlement, informed Class Members about the allocation of attorneys' fees and costs, and provided specific information regarding the date, time, and place of the final approval hearing. Accordingly, the Notice constituted the best notice practicable under the circumstances and meets the requirements of Federal Rule 23. *See, e.g., Gordon v. Vanda Pharms. Inc.*, No. 19-cv-1108, 2022 WL 4296092, at *9-10 (E.D.N.Y. Sept. 15, 2022).

5.  Pursuant to Federal Rule 23 and Fair Labor Standards Act § 216(b), the Court grants final certification of the FLSA Class, consisting of current and former non-exempt hourly paid employees who worked for Defendants during the period from November 30, 2020 through the date of the Preliminary Approval Order, and the NYLL Class, consisting of current and former non-exempt hourly paid employees who worked for Defendants during the period from November 20, 2017 through the date of the Preliminary Approval Order (collectively, the "Classes"). The Court finds that the Classes meet all of the requirements of Federal Rule 23(a) and (b)(3).

6.  Specifically, under Federal Rule 23, a class action may be maintained if all the prongs of Rule 23(a), as well as one of the prongs of Rule 23(b), are met. *See* Fed. R. Civ. P. 23; *see also In re Am. Int'l Grp., Inc. Sec. Litig.*, 689 F.3d 229, 238 (2d Cir. 2012) ("Before approving a class settlement, a district court must first determine whether the requirements for class certification in Rule 23(a) and (b) have been satisfied.") (citation omitted). Rule 23(a) requires that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and

adequately protect the interests of the class. Rule 23(b)(3) requires the court to find that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. For the reasons set forth in Plaintiff's Memorandum of Law, Dkt. No. 22-1 at 25-29,[1] the Court finds that the foregoing requirements are met.

7. Additionally, pursuant to 29 U.S.C. § 216(b), the Court grants final collective certification for settlement purposes, as Plaintiff and the FLSA Class are sufficiently similarly situated to one another as they were all allegedly the victim of a common policy or plan that purportedly violated the law, *i.e.*, Defendants' alleged failure to compensate them for all hours worked. *See Fonseca v. Dircksen & Talleyrand Inc.*, No. 13-cv-5142, 2014 WL 1487279, at *1-2 (S.D.N.Y. Apr. 11, 2014).

8. Pursuant to Federal Rule 23(e), the Court grants final approval of the Settlement. The Court finds that the Settlement is procedurally and substantively fair, reasonable, and adequate in all respects.

9. Rule 23(e)(2) requires courts to consider whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's-length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

other. Fed. R. Civ. P. 23(e)(2). In addition to the factors enumerated in Rule 23(e)(2), courts in the Second Circuit also consider the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).[2] *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 28-29 (E.D.N.Y. 2019).

10.     When looking to whether the agreement is procedurally fair, courts look to whether the parties engaged in "arms-length negotiations between experienced, capable counsel after meaningful discovery." *See D'Angelo v. Hunter Bus. Sch., Inc.*, No. 21-cv-03334, 2023 WL 4838156, at *5 (E.D.N.Y. July 28, 2023) (citation omitted). Here, the Settlement is procedurally fair because it was reached through arm's-length negotiations and after experienced counsel had thoroughly evaluated the merits of Plaintiff's claims. Indeed, the Parties engaged in more than sufficient discovery to explore the claims and defenses at issue in the case, and the Settlement was overseen, at least in part, by an experienced Court-approved mediator.

11.     Additionally, the Class Representative and Class Counsel adequately represented the Class. *See* Fed. R. Civ. P. 23(e)(2)(A). The Class Representative's interests are adequately aligned with the Class Members, all of whom assert the same claims and seek the same relief. Moreover, Class Counsel, McLaughlin & Stern, LLP ("M&S"), is sufficiently experienced and qualified to represent the Class, having been appointed as Class Counsel in numerous other similar wage-and-hour class actions. *See* Dkt. No. 22-2 at ¶ 22. As such, the Settlement is procedurally fair.

---

[2] The Court understands the factors set forth in the 2018 amendment of Rule 23(e)(2) as clarifying and supplementing the *Grinnell* factors. *See* Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment ("The goal of this amendment is not to displace any factor, but rather to focus . . . on the core concerns of procedure and substance that should guide the decision[.]").

12. In *Grinnell*, the Second Circuit provided the analytical framework for evaluating the substantive fairness of a class action settlement, identifying the following factors for the Court to consider: (i) the complexity, expense, and likely duration of the litigation; (ii) the reaction of the Class to the Settlement; (iii) the stage of the proceedings and the amount of discovery completed; (iv) the risks of establishing liability; (v) the risks of establishing damages; (vi) the risks of maintaining the class action through the trial; (vii) Defendants' ability to withstand a greater judgment; (viii) the range of reasonableness of the settlement fund in light of the best possible recovery; and (ix) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. As further set forth in Plaintiff's Memorandum of Law in Support of Plaintiff's Unopposed Motion for Final Approval, each of these factors either favor approval of the Settlement or are neutral. Dkt. No. 25-1 at 19-28.

13. Rule 23(e) also requires the Court to consider whether the proposed Settlement treats Class Members equitably relative to each other. See Fed. R. Civ. P. 23(e)(2)(D). "As a general rule, the adequacy of an allocation plan turns on . . . whether the proposed apportionment is fair and reasonable' under the particular circumstances of the case." *In re Visa Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503, 518 (E.D.N.Y. 2003) (alteration in original) (citation omitted). Here, the plan of allocation is fair, reasonable, and adequate because each participating class member will receive a pro rata share of the Settlement based on the number of weeks worked during the relevant period compared to the total amount of workweeks attributable to the entire class. The plan of allocation does not treat any Class Member better or worse than any other employee and, instead, is based entirely on objective mathematical calculations derived from time reports and pay records. Accordingly, the plan of allocation is fair

and reasonable and payments shall be made according to those allocations and pursuant to the procedure set forth in the Agreement.

14. The Court has reviewed the Releases described in the Settlement Agreement and finds them to be fair, reasonable, and enforceable under the FLSA, Federal Rule 23, and all applicable law.

15. It is well-established that class action releases may include claims not presented and even those which could not have been presented as long as the released conduct arises out of the identical factual predicate as the settlement conduct. *See Caccavale v. Hewlett-Packard Co.*, No. 20-cv-0974, 2024 WL 4250337, at *15 (E.D.N.Y. Mar. 13, 2024). Here, the Releases in the Settlement Agreement are sufficiently limited to conduct arising out of the identical factual predicate as the settlement conduct. Dkt. No. 22-3 § 5.

16. The Court hereby grants Class Counsel attorneys' fees of $66,666.67 or one-third of the Maximum Settlement Amount, which the Court finds to be fair and reasonable based on (i) the number of hours worked by Class Counsel during the Litigation; (ii) the results achieved on behalf of the Classes; (iii) the contingent nature of Class Counsel's representation; (iv) the complexity of the issues raised by the Litigation; (v) the absence of any objections to the request for attorneys' fees; and (vi) a lodestar cross-check, which reveals that Class Counsel will receive a modest multiple to their lodestar expended during the Litigation. Dkt. No. 26-1 at 10-25.

17. The Court hereby approves Class Counsel's request for reimbursement of litigation expenses in the sum of $3,555.11, which expenses the Court finds were necessarily and reasonably incurred by Class counsel in prosecuting this case. *Id.* at 25-26.

18. The Court hereby approves and awards costs and fees to Arden Claims Services LLC[3] in the amount of $15,000 to be paid from the Maximum Settlement Amount in accordance with the Agreement. *Id.*

19. The Court hereby approves a service award of $10,000 for the Named Plaintiff based upon the time, effort, and commitment she expended in prosecuting the case on behalf of the Class. *Id.* at 26-28.

20. Defendants have complied with the notice requirements of the CAFA. More than 90 days have elapsed since the appropriate Federal and State official(s) were served with notice. Dkt. No. 25-1 at 9; Dkt. No. 25-6.

21. The Complaint filed in this Litigation and all claims contained therein are dismissed in their entirety with prejudice and without costs as to all Class Members.[4]

22. By operation of the entry of this Order and the Final Judgment, all Released Claims are fully, finally and forever released, relinquished and discharged pursuant to the terms of the release set forth in the Agreement as to all Class Members other than those who have opted-out of the Settlement.

23. The Parties entered into the Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiff and the Classes, individually or collectively, all such liability being expressly denied by Defendants.

---

[3] The Preliminary Approval Order appointed Arden Claims Service, LLC ("SCS") as the Settlement Claims Administrator. Dkt. No. 24 at ¶ 5.

[4] The parties agree that while Brittany Sager is not a signatory to the Agreement, all claims against her are dismissed with prejudice upon issuance of this Order. *See, e.g.,* Dkt. No. 22-1 at 8 n.1.

24. This Final Judgment is a final judgment in the Litigation as to all claims among the Plaintiff, the Class Members who have not opted out, and Defendant. The Court finds, for purposes of Federal Rule 54(b), that there is no just reason for delay and expressly directs entry of Judgment as set forth herein.

25. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Agreement.

**IT IS SO ORDERED.**

Dated: May 12, 2025
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge